IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAN BASSI,

     Plaintiff,                            No. CIV S-06-0132  CMK

     vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.                       ORDER

                                     /

Plaintiff, Mohan Bassi, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and Local Rule 72-302. The parties have filed cross motions for summary judgment. As both parties have consented to magistrate jurisdiction (docs. 7 and 8), the motions are before the undersigned for decision.

I. Background

After receiving a liver transplant, plaintiff was the recipient of disability insurance benefits under Title II of the Social Security Act pursuant to an application he filed on March 29, 1994. (Tr. 20-23.) Plaintiff's wife and child were recipients of wife and child insurance benefits, also under Title II, pursuant to applications they filed on May 2, 1994. (Tr. 24-26, 27-29.)

By notice dated September 3, 1996, plaintiff was advised that his disability was

1  deemed to have ended as of January 1996 based on evidence that he had a trial work period from
2  April 1995 through December 1995 and had since engaged in work for which he was paid.  (Tr.
3  30-32.)  Based on his receipt of benefits beyond the last month of entitlement, plaintiff was
4  assessed an overpayment, which was subject to recovery, in disability wife, and child insurance
5  benefits.  (Tr. 44-64.)
6          Plaintiff requested a waiver of the overpayment on April 22, 1997.  (Tr. 76.)  His
7  request was denied on November 6, 2000, and the total overpayment was assessed at $7,809.00
8  (Tr. 108, 111-125, 127-129.)   A hearing was held before  administrative law judge Charles D.
9  Reite, ( ALJ) on May 13, 2000, and plaintiff and his attorney were present.
10         At the hearing, plaintiff testified that he had contacted the Vallejo Social Security
11 Office and reported his return to work and had also contacted the same office questioning
12 continued receipt of the benefits.  (Tr. 202-204.)  Plaintiff submitted a list of his net monthly
13 household income and monthly household expenses.  (Tr. 204-206.)  His list indicates that his
14 monthly expenses exceed his income by $429.00 (Id.)  Plaintiff stated that he tries to pay an
15 additional $178.00 on his mortgage each month in order to pay it down more quickly.  (Tr. 208.)
16 Household expenses also include $300 dollars a month for his daughter's tuition at a private
17 religious middle-school and expenses for supporting plaintiff's mother and sister, both of whom
18 recently immigrated from India.  (Tr. 207, 211-212, 214.)
19         Plaintiff asserts that he is unable to re-pay the overypayment. (Tr. 214.)  He
20 claims that he is entitled to a waiver of the overpayment amount.  (Tr. 65-76.)
21         In his June 25, 2003 decision, the ALJ found that plaintiff and his child and
22 spouse were overpaid a total of $7,809.00 in disability, mother's and child's insurance benefits
23 between January and September 1996.  (Tr. 18.)  Although the ALJ found that plaintiff and his
24 spouse and child were "without fault" in the overpayment, the ALJ concluded that plaintiff had
25 the financial means to repay the overpayment amount; therefore, waiver of the overpayment
26 amount was inappropriate.  (Tr. 18.)  The ALJ ordered the overpayment re-paid at the amount of

$150.00 per month until fully recovered.  (Tr. 19.)

The ALJ's decision became final on November 16, 2003 when the Appeals Council denied plaintiff's request for review.  (Tr. 6-8.)  Plaintiff timely brought this action for review.

II. Standard of Review

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole.  See Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.   Discussion

In his motion for summary judgment, plaintiff argues that the ALJ did not properly determine whether recovery of the overpayment "would be against equity and good conscience."

The Social Security Act includes the following statutory scheme for adjustment or recovery of overpaid benefits: "with respect to payment to a person of more than the correct amount, the Commissioner of Social Security...shall require such overpaid person or his estate to

3

refund the amount in excess of the correct amount..." 42 U.S.C. § 404(a)(1)(A); see McCarthy v. Apfel, 221 F.3d 1119, 1122 (9th Cir. 2000).  However, "there shall be no adjustments of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity or good conscience." 42 U.S.C. § 404(b);  see McCarthy, 221 F.3d at 1122.

      Plaintiff bore the burden of proving that recovery of the overpayment would be against equity and good conscience.  See Harrison v. Heckler, 746 F.2d 480, 481 (9th Cir. 1984).  The ALJ properly considered the evidence before him, including plaintiff's monthly income and expense sheet and plaintiff's testimony.  (Tr. 17.)  Specifically, the ALJ noted that plaintiff was able to overpay the mortgage on his home by $178.00 each month and was able to support his father and sister who had no income.  (Tr. 17.)  The ALJ also noted that plaintiff pays $300 each month to send his daughter to a private school.  (Tr. 17.)  The ALJ found that, while laudable, these additional household expenses were not "ordinary or necessary." (Tr. 17.)   Based on this, the ALJ found that plaintiff "did not provide any evidence to show that recovery of the overpayment would...be against equity or good conscience."  (Tr. 17.)

      The ALJ carefully laid out the monthly expenses of plaintiff's which were beyond ordinary and necessary expenses.  The court finds that the ALJ's decision is supported by substantial evidence in the record and based upon proper legal standards.  See  Copeland, 861 F.2d at 538.

///
///
///
///
///
///
///

IV.     Conclusion

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied,

2. The Commissioner's cross motion for summary judgment is granted and;

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  January 18, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE